### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALAN W. DAVIS,**

                **Plaintiff,**

**-vs-**                                   **Case No.  6:05-cv-114-Orl-19DAB**

**ANNE E. RUTBERG,**
**KENNETH R. LESTER, JR.,**

                **Defendants.**

_____

## ORDER

This case comes before the Court upon *sua sponte* review of Plaintiff's Complaint.  (Doc. No. 1, filed Jan. 19, 2005).  Plaintiff is being held without bond at the John E. Polk Correction Facility in Seminole County Florida.  (*Id.*).  Plaintiff alleges that Defendant Lester, a state court judge, and Defendant Rutberg, a state prosecutor, violated Plaintiff's First and Fifth Amendment rights by conspiring to ignore legal precedent in order to deny his motion to set bond, and he seeks monetary damages pursuant to 42 U.S.C. § 1983.  (*Id.*).

As an initial matter, a § 1983 action "is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court," and this Court does not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988).  According to the complaint, Plaintiff's appeal to the Florida Court of Appeals for the Fifth District is currently pending, and such appeal is the appropriate vehicle for Plaintiff's allegations that his constitutional rights were violated.

Moreover, Defendants are entitled to absolute immunity in the instant case. Absolute immunity is appropriate even where § 1983 claims allege conspiracy on the part of a judge or a prosecutor. *See Elder v. Athens-Clarke County, Georgia*, 54 F.3d 694, 695 (11th Cir. 1995).

A judge is entitled to absolute immunity from suit under § 1983 if he dealt with the plaintiff in his judicial capacity and unless he acted in the "clear absence of all jurisdiction." *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)); *see also Rolleston*, 848 F.2d at 164. It is clear from the face of the complaint that Judge Lester's conduct in denying Plaintiff's motion was a normal judicial function and arose in his official capacity. Furthermore, the complaint alleges no facts to support a finding that Judge Lester acted without jurisdiction with regard to Plaintiff's bond hearing, and therefore Judge Lester is entitled to absolute immunity from Plaintiff's claims.

Likewise, absolute prosecutorial immunity from § 1983 lawsuits is derived from judicial immunity and is appropriate where a prosecutor has acted within the scope and jurisdiction of her office. *See Elder*, 54 F.3d at 695. In other words, a prosecutor is entitled to absolute immunity for her conduct while performing as an advocate for the government. *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (distinguishing role as prosecutor from role as investigator or as complaining witness, for which only qualified immunity is available). In the instant case, the complaint alleges that Ms. Rutberg violated Plaintiff's constitutional rights by way of her argument before Judge Lester in opposition to Plaintiff's motion to set bond, a function which is clearly prosecutorial in nature. Accordingly, Ms. Rutberg also is entitled to absolute immunity in the instant case.

Based on the foregoing, Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this __25th_____ day of April, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Unrepresented Party